UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT DROSTE and CLAUDIA DROSTE, | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) Case No. 4:04CV904 JCH ) |
| DOUGLAS JULIEN, | ) ) |
| Defendant(s). | ) ) |

## **ORDER**

This matter is before the Court on Defendant Douglas Julien's Motion to Disqualify Attorney Jan Adams, filed September 27, 2005. (Doc. No. 26). The matter is fully briefed and ready for disposition.

By way of background, Plaintiffs submitted to the current lot owners of Woodcliffe Estates Subdivision a set of house plans and a site location map for a single family residence to be built on a lot they owned in the subdivision. (Compl., ¶ 13). When the lot owners refused to approve the house plans, litigation ensued in the Circuit Court of Madison County, Illinois ("the Illinois litigation"). (Id., ¶¶ 14, 15). Pursuant to the trial judge's recommendation, the parties engaged Defendant Douglas Julien, a licensed architect, to modify the plans. (Id., ¶ 15).

According to Plaintiffs, the revised house plans Defendant eventually submitted contained numerous errors and omissions, which caused Plaintiffs to re-design and re-construct portions of the interior of their home, tear out certain construction, and make other undesired changes to the home. (Compl., ¶ 19). Plaintiffs therefore filed the instant Complaint on July 19, 2004, alleging Defendant is liable to them for negligence, negligent misrepresentations, and fraudulent misrepresentations. (Compl., ¶¶ 23-40). As part of their damages, Plaintiffs claim "expenses for litigation with the lot

owners subsequent to May 30, 2000," and "fines paid to the court for deviations from the June house plans and attorneys fees paid to the lot owners after May 30, 2001." (Compl., ¶¶ 28, 31, 40). Attorney Jan Adams, who represents Plaintiffs in the current matter, was their attorney during the Illinois litigation as well.

As stated above, Defendant filed the instant Motion to Disqualify Attorney Jan Adams on September 27, 2005. (Doc. No. 26). In his motion, Defendant asserts Ms. Adams is the only person possessed of certain information relevant to Plaintiffs' damages claims, including whether or not Ms. Adams herself paid a portion of the attorneys fees asked for by the Woodcliffe Estates Subdivision; whether or not the invoices submitted by Plaintiffs' expert, William M. Pistrui, were paid by Ms. Adams; and the nature and value of the legal services Ms. Adams rendered in the Illinois litigation. Defendant thus maintains that because Ms. Adams is a necessary witness on these issues, and further has a pecuniary interest in the outcome of this matter, she is precluded by the Missouri Rules of Professional Conduct from acting as Plaintiffs' attorney in this matter.

The Court held a telephone conference on Defendant's Motion to Disqualify on November 2, 2005. During that conference, the Court granted Plaintiffs five days in which to inform the Court whether they intended to pursue Ms. Adams' prior attorneys fees as part of their damages. On November 7, 2005, Plaintiffs filed their response to the Court's order, indicating that they did wish to pursue their claim for Ms. Adams' attorneys fees from the Illinois litigation. (Doc. No. 34).

Upon consideration of the foregoing, the Court finds it inappropriate for Ms. Adams to continue as Plaintiffs' attorney in this matter, as she is likely to be a fact witness at any eventual trial. The Court will therefore grant Defendant's Motion to Disqualify.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Disqualify Attorney Jan Adams (Doc. No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted ten (10) days from the date of this Order in which to have a new representative enter an appearance on their behalf. Failure to comply with this directive will result in the Court treating Plaintiffs as <u>pro</u> <u>se</u> litigants in this matter.

**IT IS FURTHER ORDERED** that Plaintiffs are granted until **Friday, December 23, 2005**, within which to file their responses to Defendant's Daubert Motion to Bar Testimony of Plaintiffs' Expert, William Pistrui (Doc. No. 36), and Defendant's Motion for Summary Judgment (Doc. No. 39). Failure to do so will result in the Court ruling on Defendant's unopposed motions.

Dated this <u>17th</u> day of November, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE