UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT DROSTE and<br>CLAUDIA DROSTE,<br><br>      Plaintiffs,<br><br>vs.<br><br>DOUGLAS JULIEN,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)   Cause No. 4:04CV00904 JCH<br>)<br>)<br>)<br>) |

## **ORDER**

This matter is before the Court on Defendant's Bill of Costs, filed March 20, 2006, and Plaintiffs' Bill of Costs, filed March 30, 2006. (Doc. Nos. 97, 100). On April 14, 2006, Defendant Douglas Julien voluntarily dismissed his counterclaim against Plaintiffs with prejudice. (Doc. No. 103). On April 17, 2006, Plaintiffs voluntarily dismissed the sole remaining count of their Complaint against Defendant with prejudice. (Doc. No. 104). Defendant now requests that the Court assess costs against Plaintiffs in the amount of $22,561.60. (Doc. No. 97). Plaintiffs conversely request that the Court assess costs against Defendant in the amount of $13, 919.60. (Doc. No. 100).

**I.**     **Entitlement to Costs**

As a preliminary matter, this Court must consider whether either party is entitled to recover costs, in light of the voluntary dismissals of their claims. This Court has authority to award costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, which provides that costs other than attorneys' fees, "shall be allowed as of course to the prevailing party unless the court otherwise directs." Plaintiffs argue that Defendant is not entitled to costs under Rule 54(d)(1), because he was

not the "prevailing party" in this matter. (Plaintiffs' Memorandum of Law in Opposition to Defendant's Bill of Costs ("Plaintiffs' Memo in Opp."), PP. 2-5).

While this Court is inclined to agree that neither party was the "prevailing" one in this matter, *see* Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 600 (2001), the Court disagrees that the voluntary dismissals deprived the Court of the ability to award costs. First, as both parties acknowledge, a Rule 41(a)(1)(ii) dismissal does not deprive a District Court of its authority to award costs. Sequa Corp. v. Cooper, 245 F.3d 1036, 1037 (8th Cir. 2001). Second, the Eighth Circuit has refused to read Rule 54(d)(1), "as impairing the inherent authority of a trial court to award costs incurred in defending an action prior to its voluntary dismissal by [a party], even though a voluntary dismissal .... means that neither party can be said to have prevailed." Id. at 1037-1038 (citation omitted).

After being involved with this litigation for nearly two years, this Court is intimately familiar with both the nature of the claims and the conduct of the parties. Upon careful consideration of the case's history, this Court will now deny Plaintiffs' Bill of Costs in its entirety. The Court further will exercise its inherent authority to grant Defendant's Bill of Costs, within the limitations set forth below.

II. **Defendant's Bill of Costs**

A. **Fees For Service Of Summons And Subpoenas**

Defendant first requests reimbursement for fees for service of summons and subpoenas, in the amount of $482.48. (Defendant's Bill of Costs, P. 1). This amount comprises a single fee to St. Louis Investigation & Process, for service of subpoenas on William Pistrui, Dennis Sharp, Jerry Cannon, the City of Alton, and Mark Zumwalt. (Id., P. 5).

This Court's authority to award costs under Rule 54(d)(1) is governed by 28 U.S.C. § 1920. While Section 1920 authorizes the Court to tax costs for the fees of the clerk and marshal, it says nothing regarding fees for a private process server. Moreover, the Eighth Circuit has held that 28 U.S.C. § 1920 does not allow for expenses incurred for use of a special process server. Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985) (citations omitted). This Court therefore will deny Defendant's request for fees for service of subpoenas, and reduce the total awarded costs by $482.48.

### B. Fees For Court Reporter And Transcripts

Defendant next requests reimbursement for fees incurred incident to the taking of depositions, in the amount of $7,629.50. (Defendant's Bill of Costs, PP. 1, 3, 10-22). Plaintiffs object, arguing that because Mr. William Pistrui was the sole deposed witness to present live testimony, only the costs of his deposition transcript should be taxed. (Plaintiffs' Memo in Opp., P. 9). This Court has held that the costs for depositions not used at trial may still be taxed, however, so long as the depositions were taken for use at trial, and not merely for discovery purposes. Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421, 439 (E.D. Mo. 1984). The taxability depends on whether the deposition, when taken, was reasonably necessary for use in trial. Koppinger v. Cullen-Schiltz & Assoc., 513 F.2d 901, 911 (8th Cir. 1975).

Upon consideration, the Court finds the depositions Defendant took were reasonably necessary for use in trial. The Court thus will allow Defendant's requested recovery of $7,629.50, for the expenses incurred in taking depositions.

### C. Fees For Witnesses

Defendant next requests $160.00 in witness fees. (Defendant's Bill of Costs, PP. 1, 2). Plaintiffs object, arguing that none of these witnesses was presented at trial or before this Court.

(Plaintiffs' Memo in Opp., P. 9). The federal statute governing witness fees is 28 U.S.C. § 1821(a)(1), which states in relevant part that, "a witness in attendance at any court of the United States ... or before *any person authorized to take his deposition* ... shall be paid the fees and allowances provided by this section." Each of the four listed witnesses was deposed, and Defendant's request of $40.00 per/day represents the statutory limit. See 28 U.S.C. § 1821(b). This Court therefore will allow the requested witness fees.

### D. Fees For Exemplification And Copies

Defendant next requests reimbursement for exemplification and copies, in the amount of $2,157.12. (Defendant's Bill of Costs, PP. 1, 23-31). Plaintiffs acknowledge the taxability of $590.68, as fees for copies of exhibits to be used at trial. (Plaintiffs' Memo in Opp., P. 10). Plaintiffs maintain the remainder of Defendant's fees may not be taxed, however.

Copying costs are taxable if the copies were, "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); Crues v. KFC Corp., 768 F.2d at 234. Further, when seeking costs for copying, a party must document the costs in a manner to facilitate the Court's meaningful evaluation of the request. Yaris v. Special School Dist. of St. Louis County, 604 F.Supp. 914, 915 (E.D. Mo. 1985), aff'd, 780 F.2d 724 (8th Cir.), cert. denied, 476 U.S. 1172 (1986).

Upon consideration, the Court finds Defendant has itemized his copying expenses in a manner sufficient to permit this Court's meaningful evaluation. The Court further finds all copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Court therefore will allow the requested fees for exemplification and copies.

### E. Expert Witness Compensation

Defendant next requests reimbursement for expert witness fees, in the amount of $11,563.75.

(Defendant's Bill of Costs, PP. 1, 32-35). Witness fees are recoverable as a cost under 28 U.S.C. § 1920(3). "Absent other explicit statutory authority, non-court appointed expert witnesses are compensated like any other witness." Olander v. State Farm Mut. Auto. Ins. Co., 2001 WL 625758 at * 2 (D. N.D. Mar. 26, 2001), citing 28 U.S.C. § 1821. Thus, "[t]he taxable costs for such experts are limited to their testimonial services and subject to the statutory fees and allowances found in 28 U.S.C. § 1821." Id. (citations omitted); see also Pinkham v. Camex, Inc., 84 F.3d 292, 295 (8th Cir. 1996).

In the instant case, the Court finds neither contractual nor statutory authority providing a basis to award the requested fees. This Court therefore will deny Defendant's request for expert witness fees, and reduce the total awarded costs by $11,563.75.

### F. Mediation Fee

In his final request for reimbursement, Defendant seeks $568.75, representing the portion of the mediation fee paid by Defendant. (Defendant's Bill of Costs, PP. 1, 36). The Eighth Circuit has held that mediation fees are not recoverable as taxable costs pursuant to 28 U.S.C. § 1920. Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002). This Court therefore will reduce Defendant's request for costs by $568.75.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Bill of Costs (Doc. No. 100) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Bill of Costs (Doc. No. 97) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant's Bill of Costs is **GRANTED** to the extent that the Court will tax costs against Plaintiffs as follows:

| | |
|---|---:|
| Fees for court reporter and transcripts: | $ 7,629.50 |
| Fees for witnesses: | $ 160.00 |
| Fees for exemplification and copies: | $ 2,157.12 |
| TOTAL TAXABLE COSTS: | $ 9,946.62 |

Defendant's Motion for Costs is **DENIED** in all other respects.

Dated this 27th day of April, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE